**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION AT COLUMBUS**

KEVANTE DESHAWN SMOOT,  : Case No. 2:23-cv-1348
                                              :
            Plaintiff,                       :
                                              :
vs.                                           : Judge James L. Graham
                                              : Magistrate Judge Caroline H. Gentry
DALLAS BALDWIN, et al.,             :
                                              :
            Defendants.                     :
                                              :

**REPORT AND RECOMMENDATION**

Plaintiff Kevante Deshawn Smoot ("Plaintiff"), a prisoner at the Franklin County
Correction Center who is proceeding without the assistance of counsel, submitted a civil rights
complaint (ECF No. 1-1) and an incomplete motion to proceed *in forma pauperis* (ECF No. 1).
He did not pay the Court's filing fee.

On May 5, 2023, this Court issued a Deficiency Order (ECF No. 2) that required Plaintiff
to either pay the $402 filing fee or submit a completed and signed *in forma pauperis* application
**within 30 days** (i.e., by June 4, 2023). The Court informed Plaintiff that any *in forma pauperis*
application must contain a statement of all the assets he possesses, state that he is unable to pay
the Court's fees, and be accompanied by both a notarized affidavit or declaration under penalty
of perjury and a certified copy of Plaintiff's prison trust fund account statement (or institutional
equivalent) for the prior six-month period. (ECF No. 2). The Clerk sent Plaintiff a copy of the *in
forma pauperis* application form for his convenience, and sent a copy of the Order to the cashier
of the Franklin County Correction Center. The Court warned Plaintiff that if he failed to comply
with the Order by the deadline, "then the case will be dismissed for want of prosecution." (*Id.*)

Shortly after the Order was filed, the Court received a certified copy of Plaintiff's prison trust fund account statement from the Franklin County Sheriff's Office. (ECF No. 3). Plaintiff did not, however, submit a completed and signed *in forma* pauperis application with the required information and supporting affidavit or declaration under penalty of perjury. Nor did Plaintiff pay the filing fee. The deadline for complying with the Order has now passed.

"District courts have the inherent power to sua sponte dismiss civil actions for want of prosecution to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R.,* 370 U.S. 626, 630-31 (1962). *See also Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991). "This measure is available to the district court as a tool to effect 'management of its docket and avoidance of unnecessary burdens on the tax-supported courts [and] opposing parties.'" *Knoll v. AT & T*, 176 F.3d 359, 363 (6th Cir. 1999) (internal citations omitted). A party's failure to comply with a court order warrants dismissal for failure to prosecute. Fed. R. Civ. P. 41(b).

Because Plaintiff has not complied with this Court's Deficiency Order (ECF No. 2), the undersigned **RECOMMENDS** that this case be **DISMISSED** without prejudice for want of prosecution.

June 28, 2023                                      */s/ Caroline H. Gentry*
                                                           Caroline H. Gentry
                                                           UNITED STATES MAGISTRATE JUDGE

### PROCEDURE ON OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected

to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).